UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE JULIO MORA FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-05765-DJC-CSK<br><br><u>RELEASE ORDER</u><br><br>A# 095-504-665 |

Petitioner Enrique Julio Mora Fernandez is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Petitioner is a native and citizen of Cuba. He was issued a final removal in 2011. (Opp'n, Ex. A (ECF No. 5-1) at 2.) Following that removal order, Petition was detained and subsequently released on an Order of Supervision on December 9, 2011. (Opp'n, Ex. B (ECF No. 5-2) at 1.) Petitioner was re-detained following an arrest for drug possession and burglary in December 2025 and has remained in Immigration and Customs Enforcement ("ICE") custody since. (Opp'n, Ex. 1 at 2.) Petitioner's Notice of Revocation states that his released was revoked because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" and that "ICE is seeking a travel document to effect your

expeditious removal to Cuba/Mexico." (Opp'n, Ex. C (ECF No. 5-2) at 1–2.) Respondents are seeking to remove Petitioner to Mexico, but "Petitioner is obstructing that removal." (Opp'n at 2.)

On July 30, 2026, the Court stated that "[o]n review the issues raised in the Petition appear similar to those addressed in this Court's prior orders concerning Respondents' compliance with 8 C.F.R. § 241.13(i)(2) in re-detaining individuals subject to a final order of removal who were previously released from custody" and asked Respondents to distinguish the case from the Court's prior decisions. (ECF No. 4.) Respondents acknowledged that "this case is in the category of immigration habeas cases for which Courts in this district have typically ordered release on an Order of Supervision," but argued that Petitioner's case is distinguishable from past cases "because Petitioner's post-OSUP-release criminal history constitutes sufficient changed circumstance to revoke Petitioner's." (Opp'n at 1.) However, the record before the Court shows that when Respondents re-detained Petitioner, they notified him that his release had been revoked because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" and because "ICE is seeking a travel document to effect your expeditious removal to Cuba/Mexico." (Opp'n, Ex. C at 1–2.) Courts have repeatedly prohibited "post-hoc justification" where the Government asserts a new ground for revoking release that the Government did not present in the notice of revocation. *Pham v. Warden*, 833 F. Supp. 3d 1092, 1109 (E.D. Cal. 2026) (quotations and citation omitted) (collecting cases). Respondents may not substitute in litigation a rationale that they did not invoke when revoking release.

The Court notes that the prohibition against post-hoc justifications is critical in protecting the procedural rights afforded to noncitizens under the regulations governing revocation of release. The regulations provide that upon revocation, a noncitizen "will be notified of the reasons for revocation of his or her release" and will be afforded an initial informal interview promptly "to afford the alien an opportunity to

respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.4(l)(1), 241.13(i). During that interview, the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." 8 C.F.R. § 241.13(i). In sum, the regulations specify procedures allowing Petitioner to respond and contest the reasons for revocation. But Petitioner cannot respond to the reasons for revocation pursuant to 8 C.F.R. §§ 241.4(l)(1) and 241.13(i)(3) when the notice Petitioner received did not notify Petitioner of the cause of the revocation. Therefore, where the Government does not provide the basis for revocation on or before re-detention, or attempts to raise a new justification during habeas litigation, it necessarily fails "to comply with the. . . procedural requirements" established by the regulations. *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 784 (D. Minn. 2025).[1]

The reason Respondents identified in the Notice of Revocation of Release was changed circumstance based on the prospect of removal to Cuba or a third country rather than Petitioner's criminal history. That is the rationale the Court evaluates. As such, this case is indistinguishable from the Court's prior decisions in *Llopiz Estrada v. Warden,* No. 1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *1 (E.D. Cal. July 29, 2026); *Garcia Lopez v. Warden, California City*, No. 1:26-cv-05318-DJC-AC, 2026 WL 2323196, at *1 (E.D. Cal. Aug. 11, 2026); and *Outerino v. Warden, Mesa Verde ICE Processing Center*, No. 1:26-cv-05326-DJC-JDP, 2026 WL 2327873, at *2 (E.D. Cal. Aug. 11, 2026), which all concerned Cuban nationals previously released on an Order of Supervision and detained to effectuate removal to Mexico despite their non-

[1]Of course, the Court does not imply that Respondents cannot revoke release based on Petitioner's violation of conditions of release by engaging in criminal activity. *See, e.g., Cervantes v. Bondi*, No. 26-CV-1446-RSH-MSB, 2026 WL 898301, at *2 (S.D. Cal. Mar. 30, 2026) (denying relief where Petitioner's original release was conditioned on her not violating "local, State, or Federal laws or ordinances" and ICE provided notice that her release was revoked based on her violations and explaining that "revocation of her release was not categorical, but was based on her own commission of a crime"). But they must "appropriately provide[] notice of the reason for the revocation of her prior conditional release based on [petitioner's] violations of law." *Cervantes*, 2026 WL 898301, at *1 (quotations omitted) (emphasis added).

consent to that removal. The Court resolves the case on the same basis and concludes that the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, and that consequently, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2).[2]

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Respondents are ordered to immediately release Enrique Julio Mora Fernandez from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-MoraFernandez-1.26-cv-05765.merits

[2] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.